IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKY L. HIGGINBOTHAM                                                    PLAINTIFF

V.                                                              CASE NO. 1:03CV582

METROPOLITAN LIFE INSURANCE COMPANY                              DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion for summary judgment [15-1] and the plaintiff's cross-motion for summary judgment [24-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Ricky L. Higginbotham, a former employee of the Georgia Pacific Corporation in its facility in Louisville, Mississippi from 1983 to 2001. The defendant is the Metropolitan Life Insurance Company ("MetLife"), which was the plan administrator for Georgia Pacific's ERISA insurance program. In August of 1997, Higgenbotham was injured on the job when a forklift ran over his right foot. He was treated for this injury, underwent surgery and then returned to work. The parties disagree on whether he was "fully recovered" from his surgery when he returned to work, however, and that dispute constitutes the bulk of the controversy in the instant motions. In 1999, Higgenbotham underwent arthroscopic surgery on his right knee due to persistent pain. In February of 2000, Higgenbotham's physician, Dr. Irvin Martin, recommended that he be given a desk job with minimal walking. Georgia Pacific accommodated that request.

In July of 2001, the Louisville plant closed, and Higgenbotham chose to take a leave of absence rather than termination in the hopes that he could get his job back when the plant

reopened.  The following April, Georgia Pacific did reopen the Louisville plant, but before rehiring Higgenbotham, Georgia Pacific requested that he undergo a "functional capacity evaluation."  The physical therapist who performed this evaluation determined that Higgenbotham was capable of working at the "medium physical demand level," which MetLife defines as "exerting 25-50 pounds of force occasionally, 10-25 pounds frequently [sic], or up to 10 pounds frequently."  The Court presumes that the reference to "10-25 pounds frequently" should actually say "10-25 pounds infrequently," as the definition is otherwise internally inconsistent.  The therapist also concluded that he was capable of standing and walking up to 2/3 of the day.  Dr. Martin approved Higgenbotham to work at medium capacity, subject to certain restrictions.  However, at that point, Georgia Pacific had no suitable jobs at the Louisville plant, and Dr. Martin recommended that Higgenbotham seek disability benefits.

On June 28, 2002, Higgenbotham applied for long-term disability ("LTD") benefits under the LTD Plan promulgated by Georgia Pacific.  The benefits under the LTD Plan are provided by Georgia Pacific, which, by the terms of the plan language, has delegated the processing and evaluation of claims brought under the LTD Plan to MetLife.  The Plan gives MetLife "the administrative and interpretive discretion to resolve long-term disability claim denials and appeals under the plan's claim procedures."

MetLife reviewed Higgenbotham's claim, including Dr. Martin's records, the functional capacity evaluation and a job analysis and concluded that Higgenbotham was not the subject of a long-term disability because he was capable of performing his occupation and the only reason he was not employed by Georgia Pacific was that the company had eliminated his position.  Consequently, MetLife denied his claim for LTD benefits and subsequently denied his appeal.

Higgenbotham then filed the instant lawsuit. Both parties now seek summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*, authorizes a district court to review a plan administrator's denial of claims. 29 U.S.C. § 1132(a)(1)(B). The Fifth Circuit has held that "when an administrator has discretionary authority with respect to the decision at issue, the standard of review should be one of abuse of discretion." Baker v. Metropolitan Life Ins. Co., 364 F.3d 624, 629 (5th Cir. 2004)(quoting Vega v. Nat'l Life Ins. Services, Inc., 188 F.3d 287, 295 (5th Cir. 1999). Under this standard, the Court must analyze whether the plan administrator acted arbitrarily or capriciously. Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 342 (5th Cir. 2002).

The evidence submitted to MetLife during its consideration of Higgenbotham's claim showed that he was able to work at his job until the closing of the Louisville plant and that he

could have continued to work in a medium duty job after the plant reopened had such a job been available. The Court considers these facts to be substantial evidence in favor of MetLife's decision. The Court is not persuaded that MetLife was either capricious or arbitrary in denying Higgenbotham's claim.

In response to the substantial evidence which supports MetLife's position, Higgenbotham makes two arguments. First, he interprets the LTD Plan to say that MetLife was only empowered to "resolve claim denials and appeals." In other words, Georgia Pacific retained for itself the power to initially grant or deny LTD claims and MetLife only had the power to resolve appeals and disputed denials. The Court has reviewed the language of the Plan and agrees with MetLife that this tortured reading is not an accurate one; the Plan clearly makes MetLife the plan administrator under ERISA. Second, Higgenbotham argues that MetLife's determination ignored the medical opinions of Dr. Martin, which stated that Higgenbotham was fit only for light work and for no more than four to six hours a day. As MetLife notes, however, ERISA plan administrators are not obligated to give special deference to the opinions of treating physicians over other evidence. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825, 123 S.Ct. 1965, 1967, 155 L.Ed.2d 1034 (2003). This does not mean that plan administrators can arbitrarily refuse to credit the opinions of a treating physician (nor any other reliable evidence submitted by the claimant), but administrators are not required to give them any more weight than any other form of evidence. Nord, 538 U.S. at 834, 123 S.Ct. at 1972. In the case at bar, the evidence of Dr. Martin's opinions are counterbalanced by the evidence of the physical therapist who reviewed Higgenbotham's fitness for work, and the Court is not persuaded that MetLife was arbitrary in crediting one over the other.

In light of the foregoing analysis, it is hereby ORDERED the defendant's motion for summary judgment [15-1] is **GRANTED**, the plaintiff's motion for summary judgment [24-1] is **DENIED** and the case shall be **DISMISSED**. A separate judgment to that effect shall issue this day.

This is the 22nd day of August, 2005.

                                                     /s/ Michael P. Mills
                                                   **UNITED STATES DISTRICT JUDGE**